IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MAGRUDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-00995 |
| ) | |
| BELLE VERNON AREA SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

This case stems from Plaintiff Robert Magruda's thirty-year employment as a school bus mechanic with Defendant Belle Vernon Area School District and turns on a dispute as to whether the Plaintiff worked the requisite 1250 hours during the previous 12-month period and thus qualified for leave as a result of a stress-related psychological illness, which he requested on or about November 15, 2005.[1] After being terminated on December 20, 2005, on July 26, 2006, the Plaintiff filed the instant lawsuit against his former employer pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, alleging that it unlawfully terminated him after denying his FMLA request.

Currently pending before the Court is Plaintiff's Cross Motion for Partial Summary Judgment Pursuant to F.R. Civ. P. 56 [DE 10], filed on October 18, 2006, as pled in his Verified Response to Defendant's Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which was

---

[1] The dispute over the number of hours worked by the Plaintiff hinges on whether hours of employment not actually worked by an employee because of discharge and subsequent reinstatement (here, as a result of a union grievance) constitutes "hours worked" for purposes of calculating FMLA entitlement to leave. In other words, this case calls for an interpretation of the "hours of service" requirement of the FMLA. *See* 29 U.S.C. 2611(2)(a) ("The term "eligible employee" means an employee who has been employed--(I) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period").

originally filed by the Defendant on October 10, 2006.[2]  On November 17, 2006, Defendant filed its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment.  After a lengthy hiatus which included the parties' unsuccessful attempt at mediation as well as transfer of this case to the undersigned Judge, on August 20, 2007, Defendant filed a Supplemental Brief in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment.

Part and parcel to its response to Defendant's motion to dismiss, the Plaintiff filed a motion for partial summary judgment, in which he requests that the Court enter an order providing that the Plaintiff is "entitled to FMLA leave and that his termination by Defendant violated that Act, and that the Court [o]rder the Defendant to immediately reinstate [sic] his employment, and that the Court conduct a trial on the issues of damages, the wilfulness of Defendant's violation, exemplary damages, and attorney's fees and costs."  Docket No. 10, at 4.

Because the Plaintiff failed to follow the Local Rules governing a motion for summary judgment in that he failed to file a concise statement of material facts as well as an appendix,[3] *see* W.D. Pa. L.R. 56.1(B) (providing that "[t]he motion for summary judgment ... *must* be accompanied by" a concise statement of material facts and an appendix) (emphasis added), the Court is unable to rule on the merits therein, *see Ziller v. Emerald Art Glass*, Civil Action No. 05-82, 2006 WL 2853976, at *1 (W.D. Pa. Oct. 4, 2006) (denying without prejudice motions for summary judgment

---

[2] The Court notes that on July 18, 2007, this Court held a status/settlement conference, at which the Defendant orally moved to withdraw its motion to dismiss, which the Court granted.  *See* Docket No. 21.

[3] In addition, while the Plaintiff technically filed a memorandum in support, *see* Docket No. 11 (entitled, "Plaintiff's Brief in Opposition to Defendant's Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and In Support of Plaintiff's Motion for Partial Summary Judgment"), which is also required under the Local Rules, said brief addresses the issues in Defendant's motion to dismiss and only mentions Plaintiff's own partial motion for summary judgment in the conclusion, wherein the Plaintiff requests that the Court grant it.

for failure to comply with Local Rules).  For example, here, neither the Plaintiff nor the Defendant filed a statement of material facts, therefore this Court is unable to determine whether a genuine issue of material fact exists.  Accordingly, the Court denies without prejudice Plaintiff's motion for partial summary judgment as pled in his response to Defendant's motion to dismiss.

## CONCLUSION

Based on the foregoing, Plaintiff's Cross Motion for Partial Summary Judgment Pursuant to F.R. Civ. P. 56 [DE 10] as pled in his Verified Response to Defendant's Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED** without prejudice for failure to comply with the Local Rules.

The Defendant shall file a responsive pleading to Plaintiff's Complaint within twenty (20) days of the date of the instant Memorandum Order.  The Court sets this matter for a status conference on October 11, 2007, at 9:00 a.m., in order to amend the deadlines set forth in the December 11, 2006 Case Management Order.

s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Dated: September 17, 2007

cc/ecf: All counsel of record